Dwayne HAWKINS, Millard G. Ripley, Plaintiffs-Appellants,

v.

FORD MOTOR COMPANY, Defendant-Appellee.

No. 96-2306.

United States Court of Appeals,

Eleventh Circuit.

Nov. 23, 1999.

Appeal from the United States District Court for the Middle District of Florida (No. 95-55-CIV-T-21-E), Ralph W. Nimmons, Jr., Judge.

Before BIRCH, Circuit Judge, FAY, Senior Circuit Judge, and COHILL[*], Senior District Judge.

PER CURIAM:

The facts in this case are set out in our prior opinion in which we certified a controlling issue of law to the Supreme Court of Florida. *See Hawkins v. Ford Motor Co.,* 135 F.3d 1443 (11th Cir.1998). The Supreme Court of Florida rephrased[1] our original certified question as follows:

Does section 320.643(2)(a), Florida Statutes (1993), provide the exclusive basis for objection by a motor vehicle manufacturer to a proposed transfer of all the equity interest in a corporate motor vehicle dealership?

On October 14, 1999, The Supreme Court of Florida in Case Number 92,503, *Hawkins v. Ford Motor Co.* responded as follows:

... we answer the rephrased certified question in the negative and hold that the entire transaction must be analyzed and multiple statutory provisions considered depending on the structure of the entire transaction which, as here, may involve both a transfer of all the equity interest in a corporate motor vehicle dealership and a change in executive management control of that dealership. (footnote omitted).

Based upon the holding of the Supreme Court of Florida on the determinative issue of Florida law in this case, we AFFIRM the judgment of the district court.

---

[*]Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

[1]The certified question, as rephrased, is identical to our original question but for the insertion of the word "corporate."