**PUBLISH**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 96-2306

_____

D. C. Docket No. 95-55-CIV-T-21-E

DWAYNE HAWKINS,
MILLARD G. RIPLEY,

Plaintiffs-Appellants,

versus

FORD MOTOR COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 2, 1998)**

Before BIRCH, Circuit Judge, FAY, Senior Circuit Judge, and
COHILL[*], Senior District Judge.

_____

[*]Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge
for the Western District of Pennsylvania, sitting by designation.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA PURSUANT TO ARTICLE 5, SECTION 3(b)(6) OF THE FLORIDA CONSTITUTION.

TO THE SUPREME COURT OF FLORIDA AND ITS HONORABLE JUSTICES:

This case comes to the United States Court of Appeals for the Eleventh Circuit on appeal from the United States District

Court for the Middle District of Florida.

Because this case presents unresolved questions of Florida law that are determinative of this appeal, we defer our decision pending certification of several issues posed by the parties to the Supreme Court of Florida. See Gossard v. Adia Services, Inc., 120 F.3d 1229, 1230 (11th Cir. 1997).[1] Therefore, we certify the following question of law, based on the background recited below, to the Supreme Court of Florida for instruction.

## I. FACTS

[1] The present case was consolidated on appeal with Morse v. Ford Motor Co., Case No. 96-3633, also on appeal from the Middle District of Florida. With respect to the issues of law central to this case and on substantially similar facts, the district court judges came to opposite conclusions. Due to a settlement agreement between the parties, the appeal in Morse was dismissed prior to this court's certification.

This case arose from the attempt of plaintiffs, Dwayne Hawkins and Millard G. Ripley, to purchase all the stock from the owners of a company, Wilson Davis Ford, Inc., which operated as a motor vehicle dealer under a franchise agreement with Ford Motor Company ("Ford"), a motor vehicle manufacturer. The sellers of this stock gave notice of an intent to transfer ownership pursuant to Fla. Stat. § 320.643, and Wilson Davis Ford, Inc. gave notice of an intent to change its

executive management pursuant to Fla. Stat. § 320.644, from the Sellers, Davis and Bodiford, to the proposed purchasers of the stock, Hawkins and Ripley. Ford responded to this notice by filing a verified complaint with the Florida Department of Highway Safety and Motor Vehicles ("DHSMV") opposing both the proposed transfer under Section 320.643 and the proposed change of management under Section 320.644.

With respect to its opposition to the proposed transfer of stock, Ford's complaint alleged several deficiencies in the financial qualifications of Hawkins and Ripley and several performance deficiencies of a Lincoln-Mercury dealership in which Hawkins had an ownership interest; these deficiencies, according to Ford, rendered Hawkins ineligible to meet Ford's reasonable standards for executive management. With respect to the proposed change of

management, Ford's complaint alleged these same deficiencies.

Following the filing of Ford's complaint in the DHSMV, the contract to sell the stock was terminated and the administrative proceeding was dismissed as moot. Plaintiffs subsequently brought this action in federal district court and alleged, _inter alia_, that Ford had violated Fla. Stat. § 320.643, in opposing the transfer of equity to Hawkins and Ripley by means of a complaint that was facially deficient.

# II. CONTENTIONS

Hawkins and Ripley submit that by its express provisions, notwithstanding the terms of a franchise agreement, Fla. Stat. § 320.643(2)(a) governs the prospective transfer of shares in a motor vehicle dealership. Under this section, according to the plaintiffs, Ford could object to such a transfer only on the basis that the proposed transferee was not of good moral character. Ford's verified complaint did not allege that either Hawkins or Ripley was

not of good moral character. Consequently, because Ford's complaint did not oppose the transfer on grounds permitted by Section 320.643(2)(a), Ford's complaint was facially insufficient and Ford's opposition was in violation of the statute.    Ford argues that in the case of a proposed complete transfer of equity interest leading also to a change of executive management, the practical effect of such a transfer will be the transfer of the franchise agreement. Ford suggests that the Florida Dealer Act

9

read as a whole, giving full effect to all statutory provisions, permits consideration of business qualifications as well as moral character of a proposed transferee where the proposal at issue is to transfer 100% of the stock to a third party. Ford further urges that a proposed transfer of a franchise agreement is regulated by the terms of Fla. Stat. § 320.643(1), under which a manufacturer may object to a proposed transfer on grounds that the transferee is not

financially qualified or does not meet a manufacturer's uniformly applied reasonable standards or qualifications with respect to executive management. Consequently, Ford contends that it properly could object to the management experience and financial qualifications of Hawkins and Ripley, as it did in its verified complaint to the DHSMV.

In the trial court in this case, the district court agreed with Ford and held as a matter of law that "when transfer of

100% of stock is contemplated, the provisions regarding transfer of a franchise agreement and change in executive management control should apply." The district court reached the opposite legal conclusion with respect to Morse, however, and determined that only Section 320.643(2)(a) applies to the proposed transfer of 100% of the stock and, as a result, that only moral character may be considered as grounds for an objection to such a transfer.

12

# III. QUESTION TO BE CERTIFIED

DOES Fla. Stat. § 320.643(2)(a) provide the exclusive basis for objection by a motor vehicle manufacturer to the proposed transfer of all the equity in interest in a motor vehicle dealership?

Our statement of the question to be certified is intended as a guide and is not meant to restrict the scope of inquiry by the Supreme Court of Florida. The entire record of this case, together with copies of the briefs, shall be transmitted to the court.

QUESTION CERTIFIED.

13